IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ARMANDO MENDEZ-LABOY, <u>et al.</u>,<br><br>**Plaintiffs**<br><br>v.<br><br>ABBOT LABORATORIES, INC.,<br><br>**Defendant** | **CIVIL NO.** 98-1223 (JAG)<br>98-1227 (JAG) |

**OPINION AND ORDER**

GARCIA-GREGORY, D. J.

On March 5, 1998, Armando Mendez Laboy ("Mendez"), his wife, Wildamel Soberal Aguila ("Soberal"), and the legal conjugal partnership formed by them (collectively "Plaintiffs") filed an action against Abbot Laboratories, Inc. ("Abbot"), "John Doe," "Richard Doe," and Insurance Companies A and B (collectively "Defendants") pursuant to article 1802 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 5141.[1]  On August 3, 1998, the Court consolidated case 98-1227 with the present action, thus adding Gilberto Olavarria Carrillo ("Olavarria"), Milagros Vidal Rodriguez

---

[1] Jurisdiction of the Court is predicated on 28 U.S.C. § 1332 because the parties are of diverse citizenship and the amount sought in damages exceeds the minimum sum of $75,000.

Civil No. 98-1223; 98-1227 (JAG)                                          2

("Vidal") and the legal conjugal partnership formed by them as Plaintiffs (Civ. No. 98-1227, Docket No. 13). On August 5, 2000, Defendants moved for Summary Judgment (Docket No. 41). Plaintiffs filed an opposition on November 14, 2002 (Docket No. 53). For the reasons discussed below, the Court **GRANTS** Defendants' Motion for Summary Judgement and **DISMISSES** this case with prejudice.

## FACTUAL BACKGROUND

On March 14, 1997, at approximately 3:30 a.m., Mendez and Olavarria were preparing a color solution in tank #10 of API's coating area. Mendez and Olavarria were adding Hydroxypol Methyl Cellulose phthalate contained in a polyethylene bag to the tank which already had a water-based mixture of acetone and methanol. The static energy generated by the bag produced the ignition of the flammable vapors which, added to the amount of oxygen in the area, produced an explosion. As a result of the explosion, Mendez and Olavarria sustained severe skin burns throughout their bodies, faces and extremities. API, as Mendez's and Olavarria's employer, had paid insurance premiums to the State Insurance Fund, thus both employees received the necessary medical treatment as well as all benefits derived from the insurance provided by the State Insurance Fund. Plaintiffs brought separate suits for damages against API in the Puerto Rico Court of First Instance. These complaints were

consolidated and dismissed on appeal by the Puerto Rico Circuit Court of Appeals because API was immune from suit under the Puerto Rico Workmen's Compensation Act (Docket No. 41).

On March 6, 1998, Plaintiffs filed the present action against Abbot, the parent corporation of API. It is uncontested that Abbot is not Mendez's nor Olavarria's employer, and that the Puerto Rico Workmen's Compensation Act bars any recovery from API. Plaintiffs' predicate the present suit on the theory that Abbot is a "responsible third party" under the Act, so API's immunity does not shield Abbot from liability. A careful examination of the applicable law, however, leads the Court to the opposite decision.

## DISCUSSION

I.  Summary Judgment Standard

The court's discretion to grant summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 states, in pertinent part, that the court may grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); See also Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52. (1st Cir.2000). The party moving

Civil No. 98-1223; 98-1227 (JAG)                                              4

for summary judgment bears the burden of showing the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Once a properly supported motion has been presented before the court, the opposing party has the burden of demonstrating that a trial-worthy issue exists that would warrant the court's denial of the motion for summary judgment. For issues where the opposing party bears the ultimate burden of proof, that party cannot merely rely on the absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute. See Suarez v. Pueblo Int'l, Inc., 229 F.3d 49 (1st Cir.2000).

In order for a factual controversy to prevent summary judgment, the contested facts must be "material" and the dispute must be "genuine". "Material" means that a contested fact has the potential to change the outcome of the suit under governing law. The issue is "genuine" when a reasonable jury could return a verdict for the nonmoving party based on the evidence. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). It is well settled that "[t]he mere existence of a scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment." Id. at 252. It is therefore necessary that "a party opposing summary

judgment must present definite, competent evidence to rebut the motion." <u>Maldonado-Denis v. Castillo-Rodriguez</u>, 23 F.3d 576, 581 (1st Cir.1994).

In making this assessment, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging in all reasonable inferences in that party's favor." <u>Griggs-Ryan v. Smith</u>, 904 F.2d 112, 115 (1st Cir.1990). The court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." <u>Medina-Muñoz v. R.J. Reynolds Tobacco Co.</u>, 896 F.2d 5, 8 (1st Cir.1990).

II.  <u>Puerto Rico Workmen's Compensation Act</u>

The Puerto Rico Workmen's Compensation Act provides that an employee injured on the job is automatically entitled to compensation from the State Insurance Fund without proving fault by the employer. 11 P.R. Laws Ann. §§ 2, 2a, 3, 4a. In exchange for contributing to this no-fault insurance, employers are protected from unlimited liability. The Workmen's Compensation Act limits the amount an injured employee may recover and provides that compensation through the State Insurance Fund is the employee's exclusive remedy. 11 P.R. Laws Ann. § 21. However, in cases

> where the injury entitling the workman or employee or his beneficiaries to compensation in accordance with this chapter has been caused under circumstances making a third

> party responsible for such injury, disease, or death, the injured workman or employee or his beneficiaries may claim and recover damages from the third party responsible for said injury....

11 P.R. Laws Ann. § 32. In such cases, the governing statute is article 1802 of Puerto Rico's Civil Code which provides that a "person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done." 31 P.R. Laws Ann.§ 5141. Responsibility for omission will transpire only when there is a legal duty to act. Torres v. U.S., 621 F.2d 30 (1st Cir. 1980); Kagan v. El San Juan Hotel & Casino, 7 F.3d 218 (1st Cir. 1993) (unpublished).

It is well settled that, even if in cases where the injured party was a subsidiary's employee the parent corporation may be a third party under this article, the application of article 1802 must be applied with the Workmen's Compensation Act in mind. Thus, these actions are only available in situations where the parent corporation assumed, either in an express contract or implicitly, the "primary responsibility" for providing industrial safety in the subsidiary. See Muniz v. National Can Corporation, 737 F.2d 145, 148 (1st Cir. 1984); Ramirez Pomales v. Becton Dickinson & Co., S.A., 649 F.Supp. 913, 918-9 (D.P.R. 1986).

> The parent-shareholder is not responsible for the working conditions of its subsidiary's employees merely on the

>     basis of parent-subsidiary relationship.  A parent corporation may be liable for unsafe conditions at a subsidiary only if it assumes a duty to act by affirmatively undertaking to provide a safe working environment at the subsidiary.

Muniz, 737 F.2d at 148 (citations omitted). "Neither mere concern with nor minimal contact about safety matters creates a duty to ensure a safe working environment for the employees of a subsidiary corporation." Id. The employee bears the burden - in the absence of an express contract - of pointing to specific acts that show the parent corporation's affirmative undertaking of the duty to provide safety in the subsidiary.  The reasoning behind this limited application is the concern that employees may circumvent the exclusive remedy provision of the Workmen's Compensation Act, hence frustrating the public policy behind it.[2]

---

[2] The Court reiterates Judge Laffite's concern with the proliferation of this kind of action:
"Without the rule requiring a showing of a specific duty on the part of the parent company, an employee could by-pass the exclusive remedy provision of the Workmen's Compensation law and hold the parent company to unlimited liability; the employee's direct employer could, with impunity, shift the burden of maintaining a safe working environment to the parent company; and subsidiary employers operating in Puerto Rico would have no incentive to contribute to the State Insurance Fund if their employees could avoid the compensation law by seeking unlimited liability against the parent company."
Ramirez Pomales, 649 F.Supp. at 918-9.

Civil No. 98-1223; 98-1227 (JAG)                                         8

III.  <u>Abbot's Motion for Summary Judgment</u>

In support of its Motion for Summary Judgment, Abbot has provided the Court with ample evidence suggesting that it never undertook the responsibility of providing safety in the API plant. The submitted documents include affidavits of API's Plant Manager and Abbot's Pharmaceutical Products Division Director, excerpts from depositions of Mendez, Olavarria and API's Chief of Safety, Mr. Padilla, among others (Docket No. 41). These documents reveal that API's Management Team was in charge of safety and supervision of the manufacturing procedures in which Mendez and Olavarria engaged in. Plaintiffs' Response to Abbot's Statement of Facts (in support of its Motion for Summary Judgment) includes as exhibits a private report on the accident conducted by Carlos R. Garret, the accident reports, API's internal communications regarding the accident, and communications between Abbot and API regarding the accident's investigation (Docket No. 54). These documents reveal that Abbot and API did in fact maintain communications regarding the accident here in question and the necessary steps towards prevention of any future accidents. The documents point to a natural concern on Abbot's part regarding the well being and productivity of its subsidiary. Plaintiffs' exhibits fail, however, to convince the

Civil No. 98-1223; 98-1227 (JAG)                                          9

Court that Abbot had undertaken any specific acts to ensure industrial safety in API. <u>Id.</u>

Aware of this flaw in their argument, Plaintiffs assert that their claim is not that Abbot undertook the obligation of providing industrial safety in API, but rather that since Abbot had created the manufacturing process which Mendez and Olavarria were performing on the date of the accident, Abbot had "assumed the **particular duty to ensure the safety in the manufacturing process**" (Docket No. 67) (emphasis in the original).

Plaintiffs' argument is erroneous. First, the Court is of the opinion that Plaintiffs are trying to evade the Workmen's Compensation Act's exclusive remedy provision by turning to an inconsequential difference. The fact that the accident occurred while Mendez and Olavarria were preparing a coating solution with Abbot's formula does not render the incident any less of a work accident which, as such, is subject to the Workmen's Compensation Act, and for which both employees already received their exclusive State Insurance Fund's benefits. Absent a showing that Abbot actively undertook the responsibility of ensuring safety in API, the Court cannot create a new and independent remedy against Abbot simply because of its creation of a manufacturing procedure. Simply

put, this is not another article 1802 of the Puerto Rico Civil Code claim, rather this action is governed as well by the Puerto Rico Workmen's Compensation Act. <u>Ramirez Pomales</u>, 649 F.Supp. at 918. Given the self-restraint this District has shown in previous occasions and absent a rule on the matter from either the Puerto Rico Legislature or Supreme Court, the Court sees fit not to expand the situations in which a subsidiary's employees may recover directly and independently from the parent corporation. This restraint seems particularly proper in cases such as this, where the employees have already recovered from the State Insurance Fund.

Furthermore, Plaintiffs have not produced the necessary evidence in support of their claim that Abbot had assumed responsibility for the manufacturing procedure here involved. Plaintiffs argue that because Abbot created the manufacturing procedure - through a series of Basic Operating Procedures (BOP) for all the subsidiaries to follow - it assumed the duty to provide safety in the manufacturing procedure. In support of their argument, Plaintiffs rely on Mr. Padilla's deposition, where he states that the BOP were sent from Abbot and implemented in API through API's own "system" (Docket Nos. 67 and 54, Exhibit III). On the other hand, Defendants also turn to Mr. Padilla's deposition where, when asked who was responsible for the implementation of the

Civil No. 98-1223; 98-1227 (JAG)                                              11

BOP in API, he specifically named part of API's Management Team (Docket Nos. 61 and 41, Exhibit XIII).  In addition, Defendants produced an internal memo with API's BOP which clearly explains the procedure to follow in the manufacture of the coating solution, as well as the safety measures to be taken during the manufacturing process.  API's Management Team signed and approved this internal document (Docket No. 41, Exhibit XXI).  From this evidence, the Court cannot but conclude that API was responsible for the manufacturing procedure during which the Mendez's and Olavarria's accident took place.  Thus, even if the Court were to create a separate cause of action from the subsidiary's employees against the parent corporation for faulty manufacturing procedures, Plaintiffs have not met their burden of showing that Abbot actively undertook the responsibility of ensuring safety in this particular manufacturing procedure.

After the preceding analysis, the Court is of the opinion that Plaintiffs have not succeeded in providing evidence with the potential to change the outcome of the suit under the governing law. See Anderson, 477 U.S. at 248.  Plaintiffs had the burden of showing the Court which actions on Abbot's part demonstrate a positive undertaking of providing industrial safety in API.  Plaintiffs have not pointed out to any such actions.  Since Plaintiffs failed to

Civil No. 98-1223; 98-1227 (JAG)                                              12

meet their burden of proof, Abbot's motion for summary judgment must be granted.

## CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** Abbot's motion for summary judgment. Plaintiffs' claims are **DISMISSED WITH PREJUDICE.** Judgment shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 7th day of May, 2004.

s/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge
