```
           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| ARMANDO MÉNDEZ LABOY, et al. | CIVIL CASE NO.:98-1223(JAG)<br>                98-1227(JAG) |
| Plaintiffs | |
| v. | RE: PERSONAL INJURY |
| ABBOT LABORATORIES, INC.; et al. | PLAINTIFFS DEMAND TRIAL BY JURY |
| Defendants | |

**PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT**

**TO THE HONORABLE COURT:**

**COME NOW** the plaintiffs, in the consolidated cases, by and through the undersigned counsel, and respectfully state and request, as follows:

On May 7, 2004, the Court issued Judgment dismissing with prejudice the complaint in the consolidated actions against Abbot Laboratories (Abbot) finding that it is not a responsible third party under the Puerto Rico Workmen's Compensation Act (Act).

The Court found that Abbot could only be a third party under the Act where the parent corporation assumed, either in an express contract or implicitly, the primary responsibility for providing industrial safety in the subsidiary. See Muñiz v. National Can

1

Corporation, 737 F.2d 145,148 (1st Cir. 1984); <u>Ramirez Pomales</u> v. <u>Becton Dickinson & Co., S.A.</u>, 649 F.Supp. 913, 918-9 (D.P.R. 1986).

The Court's Opinion and Order is based upon its finding that the submitted documents reveal that Abbott Health Products, Inc.'s (API) Management Team was in charge of safety and supervision of the manufacturing procedures in which the plaintiffs Mendez and Olavarria engaged in. The Court found that the plaintiffs failed to show that Abbot had undertaken any specific acts to ensure industrial safety in API. The Court further found that absent a showing that Abbot actively undertook the responsibility of ensuring safety in API, the Court could not create a new and independent remedy against Abbot for its negligence in the creation of a manufacturing procedure because plaintiffs' claim was one under the Act and not under article 1802 of the Puerto Rico Civil Code (Article 1802).

These Court's findings are erroneous as a matter of law.

Pursuant to the applicable law "when a worker's compensable injury, disease or death occurs in circumstances where a 'third person' may be liable, the Workmen's Accident Compensation Act does not affect the civil liability of the wrongdoer who is a stranger to the employer-employee relationship. The statute does not seek to extend immunity from worker's claims to strangers. Under such circumstances, the injured worker and the State Insurance Fund, surrogating itself in the benefits of the employee, may file an

2

action against a third party." (Citations omitted) (certified translation) Martinez Rodriquez v. Bristal Myers Barceloneta, Inc., 99 JTS 5.

"[T]he overwhelming weight of authority holds that a parent company and the subsidiary are separate entities and the parent can be sued in tort as a third party." Ramirez Pomales v. Becton Dickinson & Co., S.A., 649 F. Supp. 913, 920, n11 (P.R.D. 1986).

To the contrary of the Court's finding plaintiffs' claim against Abbot is one under the general negligence statute, Article 1802, and not under the Act because plaintiffs are suing Abbot as a third responsible party and not as an employer, nor just because the fact of it being API's parent company. This is the same claim that plaintiffs could have made against any non parent third party corporation who had breached its duty in creating a safe manufacturing process that was required to be followed by API and the plaintiffs.

It would be contrary to the objectives of the Act and to the mandate of Article 1802 that Abbot would not be liable to plaintiffs under these circumstances just because it is the parent corporation of API when any other third party corporation would be liable to the plaintiffs under the same circumstances. Abbot pays no Act premiums and is entitled to no distinct or more favorable treatment than any other third liable party. Id; Martinez

3

Rodriguez, supra; Santiago Hodge v. Parke Davis & Co., 909 F.2d 628 (1990).

As in any other case to prove negligence against Abbot the plaintiffs need only show that it owed the plaintiffs a specific duty and was negligent in performing that duty. Ramírez Pomales, 649 F. Supp. at 918.

Once plaintiffs create a controversy as to whether Abbot owed such a duty to the plaintiffs then the adjudication of said controversy is an issue of fact to be decided by the jury. Ramírez Pomales, 649 F. Supp. at 919.

In Muniz and Ramirez Pomales the Courts did find that a parent company owes a duty to provide a safe work environment to its subsidiary employees when it assumes, either in an express contract or implicitly, the primary responsibility for providing industrial safety to its subsidiary. But liability claims under Article 1802 of the Civil Code are not limited to any specific kinds of conduct that can cause harm.[1] Thus, the cases of Muniz and Ramirez Pomales just recognize one of the many ways in which a parent company, as well as any third party, can be liable to another corporation for negligence. All that needs to be proven is

---

[1] Pursuant to Article 1802 of the Puerto Rico Civil Code, 31 L.P.R.A. Sec. 5141 any act or omission that causes harm to another is subject to liability. See, Ramos v. Carlo, 85 P.P.R. 337, 342 (1962).

a duty owed by a parent company or third party to another corporation, the breach of the duty, and the causation of damages as a result of the breach. <u>Ramírez Pomales</u>, 649 F. Supp. at 918.

For example the PR Supreme Court has found that a parent company can be liable to the employees of a subsidiary for a breach in safety in a license and technical assistance agreement. <u>See</u>, <u>Santiago Hodge</u>, <u>supra</u>.

A parent company can also be liable to its subsidiary ***when it causes the subsidiary to rely upon the parent company for safety measures.*** <u>See</u> <u>Heinrich</u> v. <u>Goodyear Tire & Rubber Co.</u>, 1982, D.Md., 532 F. Supp. 1348, 1356, quoted in support in <u>Muñiz</u>, <u>supra</u>.; <u>See, e.g.</u>, <u>Tillman</u> v. <u>Travelers Indemnity Co.</u>, 506 F.2d 917, at 921 (5th Cir. 1975); <u>Hill</u> v. <u>United States Fidelity & Guaranty Co.</u>, 428 F.2d 112, 120 (5th Cir. 1970).

The Court also erred in finding that plaintiffs have not produced the necessary evidence in support of their claim that Abbot had assumed responsibility for safety in the manufacturing procedure here involved.

The Court erroneously concluded that because part of API's Management was responsible for the implementation of, and because they have signed and approved the safety measures to be followed in the manufacturing procedure in question Abbot did not have any duty for any faults that could have existed in the same.

The evidence produced by the plaintiffs showed that at API all manufacturing procedures were performed following established Basic Operating Procedures (BOP) and/or Operating Procedures (OP) adopted by Abbott. **PSF ¶10-11, p. 3**.

As part of its undertaken duty in the origination of these processes Abbott created and determined all the BOP's, OP's, manufacturing systems and procedures, for all of the manufacturing plants operated by its subsidiaries, including those followed at API. **PSF ¶10-11, p. 3**.

In originating these manufacturing process and systems, Abbott had undertaken the duty to determine: the manner in which the manufacturing process is followed; the specifications of, and the substances and chemicals used in the manufacturing process; the specifications of, and the equipments and materials used in the manufacturing process. **PSF ¶10-11, p. 3**.

The specifications of the materials and chemical substances that were being used at the manufacturing process that the plaintiffs were conducting at the time when the ignition and explosion occurred, and which adequately caused the same, had been established by Abbott as part of its undertaken duty to originate these processes. **PSF ¶10-11, p. 4**.

In this particular case Abbott had undertaken the duty to determine the specifications of the polyurethane bags that were being used, the chemical substances that were being mixed, and the

6

process being followed, when the ignition occurred. **PSF ¶10-11, p. 4**.

As the originator of the manufacturing process, and all of its components as described herein above, Abbott had undertaken the duty of establishing a safe manufacturing process and safety instructions to be followed by the plaintiffs at API. **PSF ¶10-11, p. 4**.

Abbott, through its Safety Division, had undertaken the duty to generate the manufacturing and safety procedures that had to be followed by the plaintiffs at API. **PSF ¶10-11, p. 4**. Therefore, Abbott had also undertaken the duty for bringing a safe work place in the manufacturing process to the employees and the plaintiffs at API. **PSF ¶10-11, p. 5**.

Abbott would also undertake the duty to oversee compliance with the BOP's, safety procedures and regulations it had adopted or implemented at the manufacturing processes at API through regular audits. **PSF ¶10-11, p. 5**.

Abbott was the one responsible for determining any changes or corrections that may be needed to be made for safety reasons at the manufacturing processes being followed at API. Those determinations had to be made by the parent company Abbott's Safety Division, through N. Garrett and Mr. McKillips. **PSF ¶10-11, p. 5**.

Prior to the accident, no changes could have been made by API to correct the safety faults in the manufacturing process the

plaintiffs were following at API, and no modifications could be made, for example, as to the polyurethane bags or chemicals substances being used which adequately caused the ignition to occur unless Abbott changed those procedures. **PSF ¶10-11, pp. 5-6**.

Therefore that the API team had participation in the implementation of these manufacturing procedures established by Abbot or that they had approved and signed the same is not relevant when the evidence showed that API was required by Abbot to follow them.

If Abbot was solely responsible for establishing the manufacturing procedures and for their safety, and if it required API to follow the same, Abbot then certainly owed a duty to API employee's for the safety of those procedures. See Ramírez Pomales, 649 F. Supp. at 918; Heinrich, 532 F. Supp. 1348, 1356, quoted in support in Muñiz, supra.; Tillman, 506 F.2d 917, at 921 (5th Cir. 1975); Hill, 428 F.2d 112, 120 (5th Cir. 1970).

The foreseeability of the risk to the plaintiffs' safety caused by the faulty manufacturing procedure Abbott had created and required to be followed by the plaintiffs imposed upon it the responsibility to take the necessary corrective action to avoid the foreseeable injury to the plaintiffs. Ramos, 85 P.P.R. 337, at 342-343; See also, Muñiz, supra.[2]

---

[2] "One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to

In determining whether to grant summary judgement the Court may not weigh the evidence. <u>Casas Office Machines, Inc.</u> v. <u>Mita Copystar America, Inc.</u>, 42 F.3d 668 (1st Cir. 1994). Summary judgement "admits of no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails." <u>Id.</u> (citing <u>Greenburg</u> v. <u>Puerto Rico Maritime Shipping Authority</u>, 835 F.2d 932, 936 (1st Cir. 1987).

"Accordingly, if the facts permit more than one reasonable inference, the court on summary judgment may not adopt the inference least favorable to the non-moving party. <u>Casas Office Machines</u>, 42 F.3d at 684." <u>Ortiz Molina</u> v. <u>Mai Del Caribe, Inc.</u>, 83 F. Supp. 2d 271, 273 (1st Cir. 2000).

The facts produced by the plaintiffs are sufficient for a reasonable jury to find that Abbot had assumed a duty to ensure safety in the manufacturing process it established and required API and the plaintiffs to follow. <u>Id.</u>[3]

---

liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if
(a) his failure to exercise reasonable care increases the risk of such harm, or
(b) he has undertaken to perform a duty owed by the other to the third person, or
( c) the harm is suffered because of reliance of the other or the third person upon the undertaking." <u>Muñiz</u>, 737 F.2d at 148, quoting with approval from Restatement (Second) of Torts § 321A (1965).

[3] "To establish such a duty, the subsidiary's employee must show **some** proof of a positive undertaking by the parent corporation." (Emphasis supplied) <u>Muñiz</u>, 737 F.2d at 148.

These facts are also sufficient for a reasonable finder of to find that Abbot breached said duty by its failure to ensure that the manufacturing process was free from foreseeable ignition and explosion risks; and, that plaintiffs' injuries were adequately caused by said breach. Id.

Therefore the Judgment issued by the Court should be altered and set aside.

**WHEREFORE**, upon the grounds stated herein above, the Judgment issued by the Court should be altered and set aside.

**RESPECTFULLY SUBMITTED, i**n San Juan, Puerto Rico, this 14th day of May 2004.

**I HEREBY CERTIFY**, that on this date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: (1) Ivan M. Fernandez, Esq., Ivan M. Fernandez Law Offices.

S/   Eric M. Quetglas Jordan

ERIC M. QUETGLAS JORDAN
USDC-PR #202514
**QUETGLAS LAW OFFICES**
PO Box 16606
San Juan PR 00908-6606
Tel: (787)722-0635/(787)722-7745
Fax: (787)725-3970
Email: quetglaslaw@hotmail.com